IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NANCY JOHNS,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:18-cv-00598

AMERICAN MEDICAL SYSTEMS, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) American Medical Systems, Inc.'s ("AMS") Reply to Plaintiff's Response to Show Cause Order and Motion for Sanctions, filed January 11, 2019 [ECF No. 16]; and (2) AMS's Motion for Summary Judgment [ECF No. 24]. Plaintiff, Nancy Johns, has not responded to either Motion, and the Motions are ripe for adjudication. The Motions [ECF Nos. 16, 24] are **GRANTED** for the reasons that follow.

**I.**    **AMS's Motion for Summary Judgment [ECF No. 24]**

**A. Background**

Plaintiff filed her Complaint against AMS on September 8, 2017, and the case was transferred to this MDL on April 23, 2018. *See* Pl.'s Compl. [ECF No. 1–1]. Plaintiff alleges that she suffered injuries as a result of a pelvic mesh product manufactured or sold by AMS. It is strikingly unclear from the Plaintiff's Complaint what specific causes of action or claims she alleges against AMS. See Pl.'s Compl. [ECF No. 1–1]. I construe her Complaint to allege the following: (1) negligence; (2) strict liability for design defect and manufacturing defect; (3) breach of express warranties; (4) breach of implied warranties; and (5) fraud.

Pursuant to Pretrial Order ("PTO") # 267, Plaintiff's fact sheet was due November 15, 2018, her expert witness disclosures were due February 22, 2019, and close of discovery was set for April 29, 2019. [ECF No. 9]. Plaintiff provided AMS with her fact sheet on February 22, 2019, well past the appropriate deadline. [ECF No. 19]. Plaintiff served her expert witness designations to AMS on February 22, 2019. [ECF No. 20]. To this date, Plaintiff has not served an accompanying expert report. Defendant now moves for summary judgment on all claims.

**B. Legal Standard**

**1. Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary

judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

In this case, Plaintiff did not respond to the summary judgment motion. "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415 (4th Cir.1993). Accordingly, the court must still review the pending summary judgment motion under the ordinary summary judgment standard to determine whether Defendants are entitled to judgment as a matter of law.

2. **Choice of Law**

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

Here, Plaintiff's Complaint was filed in the State Court of Fulton County and removed to the United States District Court for the Northern District of Georgia, then was transferred to this MDL. *See* Notice of Removal and Complaint, attached as Exhibit B. As such, the choice-of-law rules of Georgia should be applied to Plaintiff's claims.

Under Georgia law, tort cases are "governed by the rule of *lex loci delicti*, which requires application of the substantive law of the place where the tort or wrong occurred." *Carroll Fullmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011) (citing *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 419 (Ga. 2005)). Here, Plaintiff alleges that she is a Georgia resident and

3

that she was implanted with the "AMS Apogee/Parogee/Monarch/trocar/tape [sic] at Kennestone Hospital in Marietta, Georgia." Pl.'s Compl. [ECF No. 1–1] ¶¶ 1, 19. Thus, I apply Georgia's substantive law to the claims in this case.

### 3. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(2) governs the discovery disclosure rules for expert witnesses. The Rule requires parties to disclose "to the other parties the identity of any [expert] witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…." *Id.* The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* If a party fails to obey a court order to provide discovery then the court may issue further just orders—such as, dismissing the action or proceedings in whole or in part. Fed. R. Civ. P. 37(b)(2).

### C. Discussion

Defendant moves for summary judgment, arguing that Plaintiff fails to meet her burden of proving causation. I agree. The issue in this case turns on Plaintiff's lack of proper expert disclosures.

"Under Georgia product liability law, a plaintiff must prove as part of his [or her] prima facie case that the defendant's product was the proximate cause of the injuries alleged." *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 715 (11th Cir. 2008) (citing *Talley v. City Tank Corp.*, 279

4

S.E.2d 264, 269 (Ga. App.1981)). Proximate cause is an essential element "[w]hether proceeding under a strict liability or negligence theory." *Jack v. Glaxo Wellcome*, *Inc.,* 239 F. Supp.2d 1308, 1321 (N.D. Ga. 2002) (quoting *Powell v. Harsco Corp.,* 433 S.E.2d 608, 610 (Ga. App. 1993)). To survive a motion for summary judgment, the plaintiff must produce evidence allowing "a reasonable jury to find, to a reasonable degree of medical certainty," that the medical product at issue is (1) capable of causing the alleged injuries (general causation), and (2) did in fact cause plaintiff's injuries (specific causation). *Jack*, 239 F. Supp.2d at 1321.

Additionally, claims for breach of implied warranty and express warranty require evidence of proximate cause. *Cash v. LG Elecs., Inc.*, 804 S.E.2d 713, 718 (Ga. App. 2017) (finding summary judgment for the defendant was appropriate on the claims for breach of implied warranty and express warranty because plaintiff failed to offer admissible expert testimony regarding causation); *see also Foothills Pharmacies, Inc. v. Powers*, 722 S.E.2d 331 (Ga. App. 2012) (finding that absent evidence of causation, plaintiff could not establish claim for breach of express warranty claim); *Wilson v. J & L Melton, Inc.*, 606 S.E.2d 47, 49, n.1 (Ga. App. 2004) (holding that to prove a claim for breach of implied warranty of merchantability the plaintiff must prove causation).

Proximate cause is also required as an element of fraud. *See Duke Galish, LLC v. Manton*, 662 S.E.2d 880, 885 (Ga. App. 2008) (awarding summary judgment to the defendant because the plaintiff could not establish proximate cause for their fraud claim). I find it prudent to reiterate that the Complaint in this case is quite unclear as to which claims the Plaintiff asserts. Providing the most favorable reading of the Complaint to Plaintiff, I construe the Complaint to allege fraud against AMS. *See* Pl.'s Compl. [ECF No. 1–1] ¶¶ 35–37. The elements of fraud in Georgia are: "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff

to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *Romedy v. Willett Lincoln-Mercury, Inc.*, 220 S.E.2d 74, 75 (Ga. App. 1975). Summary judgment is proper on a fraud claim when plaintiff fails to show that its damages were sustained as the result of the defendant's alleged misconduct. *Pendley Quality Trailer Supply v. B & F Plastics*, 578 S.E.2d 915, 918 (Ga. App. 2003).

Under Georgia law, proof of causation in a medical device case requires competent expert testimony. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1320-21 (11th Cir. 1999) (applying Georgia law and finding that expert medical testimony was essential to prove that silicone breast implants caused plaintiff's systemic disease, and the standard of proof is "reasonable medical probability"); *see also Smith v. Ortho Pharm. Corp.*, 770 F.Supp. 1561, 1565 (N.D.Ga.1991) ("Scientific testimony by expert witnesses on the issue of causation plays an increasingly vital role in [Georgia] products liability litigation."). Absent reliable expert testimony that a product caused a plaintiff's particular injury, there is insufficient evidence to create a question for the jury as to causation. *See Butler v. Union Carbide Corp.*, 712 S.E.2d 537, 544 (Ga. App. 2011) (awarding summary judgment for the defendant because the plaintiff did not provide reliable expert testimony that his exposure to defendant's product contributed to the development of his mesothelioma).

In this case, Plaintiff fails to meet her burden of providing sufficient evidence to prove the essential element of specific causation, which is required for all of her claims. Although Plaintiff provided expert witness designations [ECF No. 20], these designations amount only to a list of names of people she intends to use as experts. She never provided any expert report as required by Federal Rule of Civil Procedure 26. Absent such a report, Plaintiff does not offer even a scintilla of evidence on the element of specific causation for her claims of negligence, strict liability, breach

of express warranty, breach of implied warranty, or fraud. Defendant is therefore entitled to summary judgment. *See Anderson*, 477 U.S. at 252.

## II. AMS's Motion for Sanctions [ECF No. 16]

Despite the granting of summary judgment in this case, I cannot ignore the behavior of plaintiff's counsel in this case.

On October 17, 2018, I entered an order requiring the parties to meet and confer regarding settlement and, if unsuccessful, to attend a mandatory settlement conference on December 5-7, 2018. [ECF No. 8]. Despite this order and a subsequent order [ECF No. 10] requiring the presence of plaintiff and her counsel, neither plaintiff nor her counsel attended the settlement conference. On December 11, 2018, I entered a show cause order directing plaintiff to show cause on or before January 4, 2019, why her case should not be dismissed with prejudice for failing to comply with my orders. [ECF No. 13]. On January 4, 2019, plaintiff's counsel responded to the show cause order. He claimed various computer problems and other issues caused him, not the plaintiff, to miss various deadlines, but that when he became aware of the problem, he attempted to comply with the scheduling order deadlines. [ECF No. 14].

In reply to plaintiff's response to the Show Cause Order, AMS filed a Reply to Plaintiff's Response to Show Cause Order and Motion for Sanctions, seeking dismissal with prejudice and an award of sanctions against plaintiff and her counsel in the amount of $3,000. [ECF Nos. 16, 17]. Plaintiff did not respond to this Motion, though plaintiff did file a response to requests for admission [ECF No. 18], the Plaintiff Fact Sheet [ECF No. 19], expert disclosures [ECF No. 20] and responses to interrogatories [ECF No. 21].

I find that sanctions against plaintiff's counsel are unavoidable pursuant to Rule 16(f)(1)(A) and (C) and 16(f)(2) of the Federal Rules of Civil Procedure. Plaintiff and her counsel

failed to appear at the settlement conference or otherwise obey the court's orders related to the settlement conference. This, despite the fact that plaintiff's counsel acknowledges receiving notice of the settlement conference. [ECF No. 14]. While plaintiff's counsel complains of various computer and timing issues, I find those excuses do not establish good cause. Though I have already ordered dismissal, reasonable expenses incurred by AMS because of plaintiff's counsel's noncompliance are in order. Furthermore, I find that the noncompliance was not substantially justified and no other circumstances make an award of expenses unjust. The amount sought by AMS, $3,000, is reasonable, and should be paid by plaintiff's counsel to AMS.[1]

### III. Conclusion

In summary, the court **ORDERS** that Defendant's Motion for Summary Judgment [ECF No. 24] is **GRANTED** on all claims. As such, defendant AMS is dismissed from this action with prejudice. The court further **ORDERS** that defendant Endo Pharmaceuticals is dismissed from this action for the same reasons as those identified above. As to AMS's Motion for Sanctions [ECF No. 16], the court **ORDERS** that the motion is **GRANTED** insofar as AMS seeks an award of sanctions in the amount of $3,000 to be paid by plaintiff's counsel. The court further **ORDERS** that this case is closed and stricken from the docket and any other pending motions are DENIED as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 17, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel acknowledges that plaintiff herself was not at fault. [ECF No. 14].